*MM-T*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ERICA TIERNEY, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 13 CV 6237 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| ADVOCATE HEALTH AND | ) | |
| HOSPITALS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Advocate Medical Group's Motion to Dismiss [56] is granted in part. The Court dismisses Counts I and II with prejudice. Because no federal claims remain in the case, in its discretion, the Court relinquishes jurisdiction over the state-law claims. As the prevailing party, Defendant is admonished to comply with Federal Rule of Civil Procedure 54(d)(1) in submitting a bill of costs, if any.

### STATEMENT

In this putative class action lawsuit, Plaintiffs Erica Tierney ("Tierney"), Andris Strautins ("Strautins"), Natalie Robles ("Robles"), Jeffrey Benkler ("Benkler"), Erick D. Oliver ("Oliver"), and Lili Robins ("Robins") (collectively, "Plaintiffs") sue Defendant Advocate Health and Hospital Corporation ("Defendant") for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (Counts I and II). Additionally, Plaintiffs assert state-law claims of negligence (Count III) and invasion of privacy by public disclosure of private facts (Count IV) under supplemental jurisdiction. Before the Court is Defendant's motion to dismiss Plaintiffs' Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part. Counts I and II are dismissed; and, in its discretion, the Court relinquishes jurisdiction over the state-law claims.

Defendant is a network of affiliated doctors and hospitals that provides medical care to patients throughout Illinois. Defendant maintains personally identifiable information and personal health information for its own files and also submits this information to insurance companies and state and federal agencies to obtain payment for health care services provided to its patients. These files contain health information, including names, addresses, dates of birth, Social Security numbers, treating physician and/or departments for each patient, their medical diagnosis, medical record numbers, medical services codes, and health insurance information. The files do not include any information about its patients' ability to pay their medical bills. On July 15, 2013, four desktop computers which contained patient information were stolen from one

of Defendant's offices. Plaintiffs allege that Defendant improperly stored their personal information which directly and proximately caused a data breach, i.e., the theft and dissemination of private information into the public domain.

As an initial matter, the Court considers sua sponte the issue of subject matter jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 874 (7th Cir. 2008) ("Naturally, the first question [the Court] must confront is that of jurisdiction."); see also Wellness Int'l Network, Ltd. v. Sharif, 727 F.3d 751, 768 (7th Cir. 2013) ("[P]arties cannot consent to subject-matter jurisdiction; indeed, such questions must be considered by a court sua sponte." (citations omitted)). Plaintiffs—as the party invoking federal jurisdiction—bear the burden to establish standing. Scanlan v. Eisenberg, 669 F.3d 838, 841 (7th Cir. 2012). Plaintiffs must show:

> "(i) an injury in fact, which is an invasion of a legally protected interest that is concrete and particularized and, thus, actual or imminent, not conjectural or hypothetical; (ii) a causal relationship between the injury and the challenged conduct, such that the injury can be fairly traced to the challenged action of the defendant; and (iii) a likelihood that the injury will be redressed by a favorable decision."

Id. (quoting Lee v. City of Chi., 330 F.3d 456, 468 (7th Cir. 2003)). To satisfy the first requirement, an injury in fact, Plaintiffs must show that they have "sustained or [are] immediately in danger of sustaining some direct injury." Id. (internal quotation marks and citation omitted).

Here, Tierney, Strautins, Robles, and Robinson allege only a speculative fear of harm that someone could have bought and sold their personally identifiable information and personal health information on the international cyber black market and thereby place them at risk of identity theft, identity fraud, and medical fraud. Without any allegations to support their mere conclusion of imminent harm, they fail to establish standing. See Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1151 (2013) ("[R]espondents cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." (citations omitted)).

In contrast, Benkler and Oliver allege that they were injured insofar as each was notified of fraudulent activity—namely, that one or more individuals had attempted to access personal bank accounts and had opened cell phone accounts, respectively. Moreover, Benkler alleges that he has never been a victim of a data breach aside from Defendant's data breach. Oliver also alleges that other than the notification from Defendant regarding its data breach he has not otherwise been informed that his personal information has been compromised. Both Benkler and Oliver allege a causal relationship between their injuries and Defendant's alleged wrongful actions. Finally, Benkler and Olvier "narrate[] a claim that arises under federal law"—the FCRA. Bovee v. Broom, 732 F.3d 743, 744 (7th Cir. 2013). The relief that they seek from their alleged injuries is not too attenuated to warrant dismissal for lack of standing.

Next, the Court addresses Defendant's arguments pursuant to Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, Plaintiffs' Amended Class Action Complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts as true all well-pleaded facts alleged in

Plaintiffs' Amended Class Action Complaint and draws all reasonable inferences in their favor. Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007) (citation omitted); see also Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014). But the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Alam v. Miller Brewing Co., 709 F.3d 662, 666 (7th Cir. 2013) (internal quotation marks and citation omitted). Additionally, Plaintiffs "can plead [themselves] out of court by pleading facts that show [they have] no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted).

Defendant argues that Plaintiffs' claims under the FCRA should be dismissed because, as a matter of law, the statute does not apply to Defendant. Specifically, Defendant argues that Plaintiffs have not and cannot plausibly allege that it constitutes a consumer reporting agency within the meaning of the FCRA. The Court agrees.

Under the FCRA, a "consumer reporting agency" is:

> any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C.A. § 1681a(f). Defendant—a health care provider—does not engage in such a practice. The Court rejects Plaintiffs' arguments to the contrary. "The [Fair Credit Reporting Act] does not impose obligations upon a creditor who merely passes along information concerning particular debts owed to it." Mirfasihi v. Fleet Mortg. Corp., 551 F.3d 682, 686 (7th Cir. 2008) (citing DiGianni v. Stern's, 26 F.3d 346, 349 (2d Cir. 1994)) (alteration in original). Moreover, as Defendant argues, Plaintiffs fail to plausibly allege that Defendant "furnished" any information to a third party; rather, Plaintiffs allege that computers containing personal information were stolen. See, e.g., Holmes v. Countrywide Fin. Corp., No. 5:08-CV-00205-R, 2012 WL 2873892, at *16 (W.D. Ky. July 12, 2012) (holding that "[n]o coherent understanding of the words 'furnished' or 'transmitted'" was implicated under the FCRA where the plaintiffs alleged a theft of private information). Because Plaintiffs fail to plausibly allege that Defendant is a consumer reporting agency or that it furnished any information to a third party, their claims under the FCRA are dismissed.

In its discretion, the Court relinquishes jurisdiction over Plaintiffs' remaining state-law claims. See 28 U.S.C. § 1367(c)(3); RWJ Mgmt. Co. v. BP Prods. N. Am., Inc., 672 F.3d 476, 479 (7th Cir. 2012). The Court need not address Defendant's remaining arguments.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: September 4, 2014